# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO.  97-807-CR-MIDDLEBROOKS(s)** |
| | 18 U.S.C. § 371 |
| **v.** | 18 U.S.C. § 1343 |
| | 18 U.S.C. § 514(a)(2) |
| **MARIN SPARIOSU** | 18 U.S.C. § 514(a)(3) |
| a/k/a Tony Marin | 18 U.S.C. § 2 |

**UNITED STATES OF AMERICA**       )  **CASE NO.  97-807-CR-MIDDLEBROOKS(s)**
                                   )       18 U.S.C. § 371
**v.**                             )       18 U.S.C. § 1343
                                   )       18 U.S.C. § 514(a)(2)
**MARIN SPARIOSU**                 )       18 U.S.C. § 514(a)(3)
 a/k/a Tony Marin                  )       18 U.S.C. § 2
 a/k/a Tony Marino                 )
 a/k/a Tony Spariosu               )
 a/k/a Tony Gambino,               )
**SUYAPA BARAHA ELMADY**           )
 a/k/a Suyapa Spariosu             )
 a/k/a Suyapa Oria                 )
 a/k/a Baraa J.I. Elmadi           )
 a/k/a Suyapa Baraha El Mady       )
 a/k/a Suyapa Baraa,               )
**EDUARDO GAMEZ,**                 )
**ALVARO DE JESUS SOJO**           )       **SUPERSEDING INDICTMENT**
 a/k/a Alvano Soto                 )
 a/k/a Alvaro De Jesus Sojo-       )
         Consuegra,                )
**VILMA ESTHER TRUJILLO**          )
 a/k/a Vilma Sojo                  )
 a/k/a Vilma Hart                  )
 a/k/a Vilma Dada                  )
 a/k/a Vilma Trujillo-Dada,        )
**ARTURO JOSE TRUJILLO,**          )
**JORGE HERNANDEZ-FERNANDEZ**      )
 a/k/a Jorge Alberto               )
 a/k/a Jorge Abraham,              )
**TULIO HERNANDEZ-FERNANDEZ**      )
**ANSELMO ANTONIO PEREIRA**        )
 a/k/a "Sal,"                      )
**RAUL HORACIO PIOMBO**            )
 and                               )
**JON TAMAS.**                     )
_____    )

FILED by _____ D.C.

98 JUL 22 PM 5: 36

CARLOS JUENKE
CLERK U.S. DIST. CT.
S.D. OF FLA.-MIAMI



The Grand Jury charges that:

## COUNT 1

From in or about May of 1997, the exact date being unknown to the Grand Jury, and

continuing thereafter until on or about October 9, 1997, within Dade County, in the Southern

District of Florida, and elsewhere, the defendants,

**MARIN SPARIOSU**
a/k/a Tony Marin
a/k/a Tony Marino
a/k/a Tony Spariosu
a/k/a Tony Gambino,
**SUYAPA BARAHA ELMADY**
a/k/a Suyapa Spariosu
a/k/a Suyapa Oria
a/k/a Baraa J.I. Elmadi
a/k/a Suyapa Baraha El Mady
a/k/a Suyapa Baraa,
**EDUARDO GAMEZ,**
**ALVARO DE JESUS SOJO**
a/k/a Alvano Soto
a/k/a Alvaro De Jesus Sojo-Consuegra,
**VILMA ESTHER TRUJILLO**
a/k/a Vilma Sojo
a/k/a Vilma Hart
a/k/a Vilma Dada
a/k/a Vilma Trujillo-Dada,
**ARTURO JOSE TRUJILLO,**
**JORGE HERNANDEZ-FERNANDEZ**
a/k/a Jorge Alberto
a/k/a Jorge Abraham,
**TULIO HERNANDEZ-FERNANDEZ,**
**ANSELMO ANTONIO PEREIRA**
a/k/a "Sal,"
**RAUL HORACIO PIOMBO**
and
**JON TAMAS,**

2

did knowingly and willfully combine, conspire, confederate, agree, and reach a tacit understanding, with each other and with persons known and unknown to the Grand Jury, to commit offenses against the United States, that is:

(1)   to devise a scheme and artifice to defraud and obtain money by means of false and fraudulent pretenses, and for the purpose of executing the scheme, to transmit and cause to be transmitted in interstate and foreign commerce, by means of a wire communication, certain sounds and writings, that is telephone calls and facsimile transmissions, for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343;

(2)   to possess within the United States with the intent to offer, pass, utter and sell, with the intent to defraud, false and fictitious financial instruments appearing, representing, purporting and contriving through scheme and artifice to be actual securities issued under the authority of:

(i)    the foreign government of Venezuela, that is bonds purportedly issued by the Banco Central de Venezuela,

(ii)   a financial organization, that is promissory notes purportedly issued by Banco Ganadero, S.A.; and

(iii)  a financial organization, that is cashier's checks purportedly issued by the Generale De Banque Belgue Pour L'Etranger,

in violation of Title 18, United States Code, Section 514(a)(2);  and

3

(3)     to utilize foreign commerce to transport, ship, move and transfer to, from and through the United States, with the intent to defraud, false and fictitious financial instruments appearing, representing, purporting and contriving through scheme and artifice to be actual securities issued under the authority of the foreign government of Venezuela by the Banco Central de Venezuela, in violation of Title 18, United States Code, Section 514(a)(3).

## A.    OBJECT AND PURPOSE

It was the object and purpose of this conspiracy for the named defendants and others, as yet unknown to the Grand Jury, to unjustly enrich themselves by employing a scheme and artifice to fraudulently induce private lenders to issue monetary loans in reliance on false collateral in the form of counterfeit Banco Central de Venezuela bonds and to otherwise offer, pass, utter and sell counterfeit financial instruments.

## B.    MANNER AND MEANS

Among the manner and means used to implement the scheme and artifice and to achieve the unlawful objectives of the conspiracy were the following:

1.     Counterfeit Banco Central de Venezuela bonds would be printed in Venezuela by operatives working with the charged defendants. **EDUARDO GAMEZ** and others would cause the counterfeit bonds, as well as other counterfeit financial instruments, to be transported to Dade County, Florida.

2.     After entering the United States, the counterfeit finanancial instruments would be received by **JORGE HERNANDEZ-FERNANDEZ, TULIO HERNANDEZ-**

4

FERNANDEZ and ARTURO JOSE TRUJILLO and others who would, in turn, deliver them to MARIN SPARIOSU and SUYAPA BARAHA ELMADY.

3.      After receiving the Venezuelan counterfeit bonds, MARIN SPARIOSU and SUYAPA BARAHA ELMADY on certain occasions caused portions of the bonds to be delivered to ANSELMO ANTONIO PEREIRA.   ANSELMO ANTONIO PEREIRA would prepare forged letters regarding the authenticity of the bonds on stationery purported to originate from Banco Central de Venezuela.   ANSELMO ANTONIO PEREIRA would then package the counterfeit bonds and forged letters for shipment to Colombia and deliver them to MARIN SPARIOSU and SUYAPA BARAHA ELMADY.

4.      MARIN SPARIOSU and SUYAPA BARAHA ELMADY would cause the bonds to be transported to ALVARO DE JESUS SOJO in Colombia.   On different occasions, MARIN SPARIOSU, RAUL HORACIO PIOMBO, ANSELMO ANTONIO PEREIRA, JORGE HERNANDEZ-FERNANDEZ and TULIO HERNANDEZ-FERNANDEZ  traveled to Colombia to assist in the delivery of counterfeit bonds to ALVARO DE JESUS SOJO.

5.      ALVARO DE JESUS SOJO would arrange and broker the sale of the counterfeit bonds to individuals responsible for utilizing the false obligations in a fraudulent manner in order to unjustly enrich the members of the conspiracy. VILMA ESTHER TRUJILLO would work with ALVARO DE JESUS SOJO as his representative in order to coordinate his activities with other members of the conspiracy located in the United States

including **SUYAPA BARAH ELMADY** and **MARIN SPARIOSU**.

6. During the course of meetings between charged members of the conspiracy, **JON TAMAS** operated as a bodyguard to **MARIN SPARIOSU** and assisted in the acquisition and transportation of the counterfeit financial instruments.

## C.   OVERT ACTS

In furtherance of the conspiracy described herein, the defendants committed one or more of the following overt acts, among others, in the Southern District of Florida and elsewhere:

1. On or about August 12, 1997, **MARIN SPARIOSU**, while in Dade County, Florida, spoke via telephone with **ALVARO DE JESUS SOJO** in Colombia, and confirmed the intended delivery of counterfeit bonds from **MARIN SPARIOSU** to **ALVARO DE JESUS SOJO** in Colombia.

2. On or about August 13, 1997, **SUYAPA BARAHA ELMADY** and **VILMA ESTHER TRUJILLO** spoke with each other about $100,000,000 in counterfeit bonds that **SUYAPA BARAHA ELMADY** offered to sell. **VILMA ESTHER TRUJILLO** told **SUYAPA BARAHA ELMADY** that she had people who could offer **SUYAPA BARAHA ELMADY** $3,000,000 in genuine currency for $32,000,000 in counterfeit bonds.

3. On or about August 13, 1997, **ALVARO DE JESUS SOJO**, while in Colombia, confirmed via telephone with **SUYAPA BARAHA ELMADY** in Dade County, Florida, that individuals in Barranquilla, Colombia, had offered to buy $32,000,000 of

counterfeit bonds for $3,000,000 and that the buyers wanted **SUYAPA BARAHA ELMADY** to provide the $32,000,000 in counterfeit bonds, plus an additional $70,000,000 in counterfeit bonds.

4.      On or about August 18, .    , **JORGE HERNANDEZ-FERNANDEZ** and **TULIO HERNANDEZ-FERNANDEZ** stored approximately $33,000,000 in counterfeit Banco Central de Venezuela bonds, along with stationery and rubber stamps depicting the seal of the bank.

5.      On or about August 25, 1997, **RAUL HORACIO PIOMBO** and **ANSELMO ANTONIO PEREIRA** transported counterfeit Banco Central de Venezuela bonds to Colombia and delivered them to **ALVARO DE JESUS SOJO**.

6.      On or about August 30, 1997, **MARIN SPARIOSU** and **SUYAPA BARAHA ELMADY** took possession of two cashier's checks purportedly issued by the Generale De Banque Belgue Pour L'Etranger, in the total amount of approximately $2,700,000.

7.      On or about September 4, 1997, **MARIN SPARIOSU**, while in Dade County, Florida, spoke via telephone to **EDUARDO GAMEZ** in Caracas, Venezuela, and coordinated details of a transaction involving $25,000,000 in counterfeit bonds. **EDUARDO GAMEZ** stated to **MARIN SPARIOSU** that he would attempt to get the letters for the counterfeit bonds the following day and that the letters would state that the counterfeit bonds belonged to **SUYAPA BARAHA ELMADY**.

8.      On or about September 10, 1997, **MARIN SPARIOSU** and **SUYAPA BARAHA ELMADY** took possession of $200,000,000 worth of counterfeit promissory notes purportedly issued by Banco Ganadero, S.A and also received via facsimile instructions concerning procedures for negotiating the promissory notes.

9.      On or about September 10, 1997, **MARIN SPARIOSU, JON TAMAS** and **ANSELMO ANTONIO PEREIRA** prepared additional counterfeit bonds to send to Colombia.

10.     On or about September 11, 1997, **MARIN SPARIOSU** transported counterfeit Banco Central de Venezuela bonds to Colombia.

11.     On or about September 16, 1997, **MARIN SPARIOSU** received approximately $75,000,000 in counterfeit bonds.  On that same day, **ARTURO JOSE TRUJILLO** spoke with **SUYAPA BARAHA ELMADY** and **MARIN SPARIOSU** and they all agreed that **ARTURO JOSE TRUJILLO** would put **SUYAPA BARAHA ELMADY's** name on the letter that accompanied the counterfeit bonds.

12.     On or about September 24, 1997, **ALVARO DE JESUS SOJO** advised **SUYAPA BARAHA ELMADY** and **VILMA ESTHER TRUJILLO** that an account was needed in Miami to wire the proceeds from the sale of counterfeit bonds.  Thereafter, on that same date, **SUYAPA BARAHA ELMADY** sent via facsimile to Colombia a note to **ALVARO DE JESUS SOJO** containing the name of her bank and the bank account number.

13.    On or about September 30, 1997, **SUYAPA BARAHA ELMADY** called **ALVARO DE JESUS SOJO** in Colombia and discussed her pending receipt of $20,100,000, of which $2,500,000 constituted **SUYAPA BARAHA ELMADY's** share of money for providing the counterfeit bonds.  The balance of $17,600,000 represented profits of other individuals involved in the scheme, a balance that **SUYAPA BARAHA ELMADY,** during this same telephone conversation, agreed to wire transfer into various bank accounts located in the United States.

14.    On or about October 1, 1997, **ALVARO DE JESUS SOJO** sent a Barclays Bank PLC bank drawer of credit via facsimile from Colombia to **SUYAPA BARAHA ELMADY** in Dade County, Florida.  The bank drawer of credit indicated that  $20,100,000 had been wire transferred from the Barclays Bank PLC account of Diego Rodriguez and Blanca Bautista (account #300775010) to the account of **SUYAPA BARAHA ELMADY** at the International Bank of Miami (account #30035914906).  Included in the facsimile were instructions for **SUYAPA BARAHA ELMADY** to wire transfer the $17,600,000 into the following accounts:

| **BANK** | **ACCOUNT HOLDER** | **ACCOUNT NUMBER** | **AMOUNT** |
|---|---|---|---|
| First Union Bank of Miami | Carlos Vives | 9982842536 | $8,100,000 |
| Transatlantic Bank of Miami | Kolda Import & Export | 30051081506 | $80,000 |

| City Bank of New York | Banco Industrial de Panama, S.A./Beneficiary Acct. of Corporacion Tanhypao, S.A. | 36009162 56230 | $4,920,000 |
| Chase Manhattan of New York | BanCafe Panama, S.A./ Beneficiary Acct. of Corporacion Tanhypao, S.A. | 0011166940 5064940001 | $4,500,000 |

15.     On or about October 7, 1997, **SUYAPA BARAHA ELMADY**, from Dade County, Florida, spoke via telephone with **ALVARO DE JESUS SOJO** in Colombia to inquire about the whereabouts of the money that was to be sent to her via wire transfer. **ALVARO DE JESUS SOJO** advised **SUYAPA BARAHA ELMADY** that Blanca Bautista was currently in Italy and that he was attempting to contact Bautista in order to get the payment information.

16.     On or about October 9, 1997, **ARTURO JOSE TRUJILLO** stored approximately $76,000,000 in counterfeit Banco Central de Venezuela bonds.

All in violation of Title 18, United States Code, Section 371.

### <u>COUNT 2</u>

From on or about June 24, 1997, to on or about August 18, 1997, within Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**MARIN SPARIOSU**
a/k/a Tony Marin
a/k/a Tony Marino
a/k/a Tony Spariosu
a/k/a Tony Gambino,
**SUYAPA BARAHA ELMADY**
a/k/a Suyapa Spariosu
a/k/a Suyapa Oria

a/k/a Baraa J.I. Elmadi
a/k/a Suyapa Baraha El Mady
a/k/a Suyapa Baraa,
**JORGE HERNANDEZ-FERNANDEZ**
a/k/a Jorge Alberto
a/k/a Jorge Abraham,
**TULIO HERNANDEZ-FERNANDEZ,**
and
**ANSELMO ANTONIO PEREIRA**
a/k/a "Sal,"

with the intent to defraud, did knowingly possess within the United States with the intent to

offer, pass, utter and sell, false and fictitious financial instruments appearing, representing,

purporting and contriving through scheme and artifice to be actual securities issued under the

authority of the foreign government of Venezuela, that is, bonds purportedly issued by the

Banco Central de Venezuela with a total face value of approximately $33,000,000, in

violation of Title 18, United States Code, Sections 514(a)(2) and 2.

## COUNT 3

From on or about August 23, 1997 to on or about August 25, 1997, within Dade

County, in the Southern District of Florida, and elsewhere, the defendants,

**MARIN SPARIOSU**
a/k/a Tony Marin
a/k/a Tony Marino
a/k/a Tony Spariosu
a/k/a Tony Gambino,
**SUYAPA BARAHA ELMADY**
a/k/a Suyapa Spariosu
a/k/a Suyapa Oria
a/k/a Baraa J.I. Elmadi
a/k/a Suyapa Baraha El Mady
a/k/a Suyapa Baraa,

11

**EDUARDO GAMEZ,**
**ARTURO JOSE TRUJILLO,**
**JORGE HERNANDEZ-FERNANDEZ**
a/k/a Jorge Alberto
a/k/a Jorge Abraham,
**ANSELMO ANTONIO PEREIRA**
a/k/a "Sal,"
**RAUL HORACIO PIOMBO**
and
**JON TAMAS,**

with the intent to defraud, did knowingly possess within the United States with the intent to

offer, pass, utter and sell, a false and fictitious financial instrument appearing, representing,

purporting and contriving through scheme and artifice to be an actual security issued under

the authority of the foreign government of Venezuela, that is, a bond purportedly issued by

the Banco Central de Venezuela with a face value of approximately $25,000,000, in violation

of Title 18, United States Code, Sections 514(a)(2) and 2.

## COUNT 4

From on or about August 23, 1997, to on or about August 25, 1997, within Dade

County, in the Southern District of Florida, and elsewhere, the defendants,

**MARIN SPARIOSU**
a/k/a Tony Marin
a/k/a Tony Marino
a/k/a Tony Spariosu
a/k/a Tony Gambino,
**SUYAPA BARAHA ELMADY**
a/k/a Suyapa Spariosu
a/k/a Suyapa Oria
a/k/a Baraa J.I. Elmadi
a/k/a Suyapa Baraha El Mady
a/k/a Suyapa Baraa,

12

**EDUARDO GAMEZ,**
**ALVARO DE JESUS SOJO**
a/k/a Alvano Soto
a/k/a Alvaro De Jesus Sojo-Consuegra,
**VILMA ESTHER TRUJILLO**
a/k/a Vilma Sojo
a/k/a Vilma Hart
a/k/a Vilma Dada
a/k/a Vilma Trujillo-Dada,
**ARTURO JOSE TRUJILLO,**
**ANSELMO ANTONIO PEREIRA**
a/k/a "Sal,"
and
**RAUL HORACIO PIOMBO**

with the intent to defraud, did knowingly utilize foreign commerce to transport, ship, move

and transfer to, from and through the United States, a false and fictitious financial instrument

appearing, representing, purporting and contriving through scheme and artifice to be an

actual security issued under the authority of the foreign government of Venezuela, that is,

a bond purportedly issued by the Banco Central de Venezuela with a face value of

approximately $25,000,000, in violation of Title 18, United States Code, Sections 514(a)(3)

and 2.

## COUNT 5

From on or about August 29, 1997 to on or about August 31, 1997, within Dade

County, in the Southern District of Florida, and elsewhere, the defendants,

**MARIN SPARIOSU**
a/k/a Tony Marin
a/k/a Tony Marino
a/k/a Tony Spariosu
a/k/a Tony Gambino,

13

**SUYAPA BARAHA ELMADY**
a/k/a Suyapa Spariosu
a/k/a Suyapa Oria
a/k/a Baraa J.I. Elmadi
a/k/a Suyapa Baraha El Mady
a/k/a Suyapa Baraa,
and
**EDUARDO GAMEZ,**

with the intent to defraud, did knowingly possess within the United States with the intent to offer, pass and utter, false and fictitious financial instruments appearing, representing, purporting and contriving through scheme and artifice to be actual securities issued under the authority of a financial organization, that is, two cashier's checks purportedly issued on August 25, 1997, by the Generale De Banque Belgue Pour L'Etranger, a private bank, in the approximate amounts of $2,058,555 and $650,004, in violation of Title 18, United States Code, Sections 514(a)(2) and 2.

## COUNT 6

From on or about September 6, 1997, to on or about September 10, 1997, within Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**MARIN SPARIOSU**
a/k/a Tony Marin
a/k/a Tony Marino
a/k/a Tony Spariosu
a/k/a Tony Gambino,
**SUYAPA BARAHA ELMADY**
a/k/a Suyapa Spariosu
a/k/a Suyapa Oria
a/k/a Baraa J.I. Elmadi
a/k/a Suyapa Baraha El Mady
a/k/a Suyapa Baraa,

14

**EDUARDO GAMEZ,**
**ARTURO JOSE TRUJILLO,**
**JORGE HERNANDEZ-FERNANDEZ**
a/k/a Jorge Alberto
a/k/a Jorge Abraham,
**ANSELMO ANTONIO PEREIRA**
a/k/a "Sal,"
and
**JON TAMAS,**

with the intent to defraud, did knowingly possess within the United States with the intent to

offer, pass, utter and sell, false and fictitious financial instruments appearing, representing,

purporting and contriving through scheme and artifice to be actual securities issued under the

authority of the foreign government of Venezuela, that is, bonds purportedly issued by the

Banco Central de Venezuela with a total face value of approximately $24,000,000, in

violation of Title 18, United States Code, Sections 514(a)(2) and 2.

## COUNT 7

From on or about September 6, 1997, to on or about September 10, 1997, within Dade

County, in the Southern District of Florida, and elsewhere, the defendants,

**MARIN SPARIOSU**
a/k/a Tony Marin
a/k/a Tony Marino
a/k/a Tony Spariosu
a/k/a Tony Gambino,
**SUYAPA BARAHA ELMADY**
a/k/a Suyapa Spariosu
a/k/a Suyapa Oria
a/k/a Baraa J.I. Elmadi
a/k/a Suyapa Baraha El Mady
a/k/a Suyapa Baraa,
**ALVARO DE JESUS SOJO**

15

a/k/a Alvano Soto
a/k/a Alvaro De Jesus Sojo-Consuegra,
and
**VILMA ESTHER TRUJILLO**
a/k/a Vilma Sojo
a/k/a Vilma Hart
a/k/a Vilma Dada
a/k/a Vilma Trujillo-Dada,

with the intent to defraud, did knowingly utilize foreign commerce to transport, ship, move

and transfer to, from and through the United States, false and fictitious financial instruments

appearing, representing, purporting and contriving through scheme and artifice to be actual

securities issued under the authority of the foreign government of Venezuela, that is, bonds

purportedly issued by the Banco Central de Venezuela with a total face value of

approximately $24,000,000, in violation of Title 18, United States Code, Sections 514(a)(3)

and 2.

## COUNT 8

From on or about September 8, 1997, to on or about September 15, 1997, within

Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**MARIN SPARIOSU**
a/k/a Tony Marin
a/k/a Tony Marino
a/k/a Tony Spariosu
a/k/a Tony Gambino,
**SUYAPA BARAHA ELMADY**
a/k/a Suyapa Spariosu
a/k/a Suyapa Oria
a/k/a Baraa J.I. Elmadi
a/k/a Suyapa Baraha El Mady
a/k/a Suyapa Baraa,
**ARTURO JOSE TRUJILLO,**

16

and

**JORGE HERNANDEZ-FERNANDEZ,**
a/k/a Jorge Alberto
a/k/a Jorge Abraham,

with the intent to defraud, did knowingly possess within the United States with the intent to

offer, pass, utter and sell, false and fictitious financial instruments appearing, representing,

purporting and contriving through scheme and artifice to be actual securities issued under the

authority of a financial organization, that is, promissory notes purportedly issued by Banco

Ganadero, S.A., with a face value of approximately $200,000,000, in violation of Title 18,

United States Code, Sections 514(a)(2) and 2.

## COUNT 9

On or about September 16, 1997, within Dade County, in the Southern District of

Florida, and elsewhere, the defendants,

**MARIN SPARIOSU**
a/k/a Tony Marin
a/k/a Tony Marino
a/k/a Tony Spariosu
a/k/a Tony Gambino,
**SUYAPA BARAHA ELMADY**
a/k/a Suyapa Spariosu
a/k/a Suyapa Oria
a/k/a Baraa J.I. Elmadi
a/k/a Suyapa Baraha El Mady
a/k/a Suyapa Baraa,
**EDUARDO GAMEZ,**
**ARTURO JOSE TRUJILLO,**
**JORGE HERNANDEZ-FERNANDEZ**
a/k/a Jorge Alberto
a/k/a Jorge Abraham,
**ANSELMO ANTONIO PEREIRA**

17

a/k/a "Sal,"
**RAUL HORACIO PIOMBO**
and
**JON TAMAS,**

with the intent to defraud, did knowingly possess within the United States with the intent to offer, pass, utter and sell, false and fictitious financial instruments appearing, representing, purporting and contriving through scheme and artifice to be actual securities issued under the authority of the foreign government of Venezuela, that is, bonds purportedly issued by the Banco Central de Venezuela with a  total face value of approximately $75,000,000, in violation of Title 18, United States Code, Sections 514(a)(2) and 2.

## COUNT 10

On or about October 9, 1997, within Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**EDUARDO GAMEZ,**
and
**ARTURO JOSE TRUJILLO,**

with the intent to defraud, did knowingly possess within the United States with the intent to offer, pass, utter and sell, false and fictitious instruments appearing, representing, purporting and contriving through scheme and artifice to be actual securities issued under the authority of the foreign government of Venezuela, that is, bonds purportedly issued by the Banco

18

Central de  Venezuela with a total face value of approximately $76,000,000, in violation of

Title 18, United States Code, Sections 514(a)(2) and 2.

A TRUE BILL

_____

FOREPERSON

_____

THOMAS E. SCOTT
UNITED STATES ATTORNEY

_____

ROBERT K. SENIOR
ASSISTANT UNITED STATES ATTORNEY

_____

JUAN ANTONIO GONZALEZ
ASSISTANT UNITED STATES ATTORNEY

19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

MARIN SPARIOSU, et al

**Court Division:** (Select One)

X   Miami _____ Key West
_____ FTL _____ WPB _____ FTP

CASE NO.   97-807-Cr-Middlebrooks(s)

## CERTIFICATE OF TRIAL ATTORNEY*

**Related Case Information:**
SUPERSEDING        Yes   X    No _____
New Defendant(s)    Yes _____   No   X
Number of New Defendants
Total number of counts              10

I do hereby certify that:

1.  I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.  I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.  Interpreter:        (Yes or No)      Yes
    List language and/or dialect            Spanish

4.  This case will take   20   days for the parties to try.

5.  Please check appropriate category and type of offense listed below:
    (Check only one)                          (Check only one)

| | | | | | |
|---|---|---|---|---|---|
| I | 0 to 5 days | _____ | Petty | _____ |
| II | 6 to 10 days | _____ | Minor | _____ |
| III | 11 to 20 days | 20 | Misdem. | _____ |
| IV | 21 to 60 days | _____ | Felony | X |
| V | 61 days and over | _____ | | |

6.  Has this case been previously filed in this District Court? (Yes or No)   Yes
If yes:

Judge:  Middlebrooks              Case No. 97-807-Cr
(Attach copy of dispositive order)

Has a complaint been filed in this matter? (Yes or No)      Yes
If yes:

Magistrate Case No.     97-3624-Johnson
Related Miscellaneous numbers:
Defendant(s) in federal custody as of        10/10/97
Defendant(s) in state custody as of
Rule 20 from the _____        District of _____

7.  This case originated in the U.S. Attorney's office prior to August 16, 1985
(Yes or No)      No

_robert K. Senior_

ROBERT K. SENIOR
ASSISTANT UNITED STATES ATTORNEY
FL BAR ID NO. 779407

*Penalty Sheet(s) attached

REV. 12/12/96
N:\UDD\HOLMES\SENIOR\EMERALD\SPARIOS2.CER

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## <u>PENALTY SHEET</u>

Defendant's Name:   MARIN SPARIOSU                    No .: 97-807-Cr-Middlebrooks (s)

Count #: I

     Conspiracy to commit an offense against the United States

     18 U.S.C. § 371

<u>*Max. Penalty:</u>    5 years imprisonment

Count #: II

     Possessing counterfeit foreign securities with intent to offer, pass, utter and sell

     18 U.S.C. § 514(a)(2)

<u>*Max. Penalty:</u>  25 years imprisonment

Count #: III

     Possessing counterfeit foreign securities with intent to offer, pass, utter and sell

     18 U.S.C. § 514(a)(2)

<u>*Max. Penalty:</u>  25 years imprisonment

Count #: IV

     Utilizing foreign and interstate commerce to transport counterfeit foreign securities

     18 U.S.C. § 514(a)(3)

<u>*Max. Penalty:</u>   25 years imprisonment

Count #: V

     Possessing counterfeit foreign securities with intent to offer, pass, utter and sell

     18 U.S.C. § 514(a)(2)

<u>*Max. Penalty:</u>   25 years imprisonment

Count #: VI

     Possessing counterfeit foreign securities with intent to offer, pass, utter and sell

     18 U.S.C. § 514(a)(2)

<u>*Max. Penalty:</u>   25 years imprisonment

Count #: VII

     Utilizing foreign and interstate commerce to transport counterfeit foreign securities

     18 U.S.C. § 514(a)(3)

<u>*Max. Penalty:</u>   25 years imprisonment

**<u>*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.</u>**

REV. 12/12/96

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### PENALTY SHEET

Defendant's Name:  MARIN SPARIOSU _____ No .: 97-807-Cr-Middlebrooks (s)

Count #: VIII
_____ Possessing counterfeit foreign securities with intent to offer, pass, utter and sell

_____ 18 U.S.C. § 514(a)(2)

*Max. Penalty:   25 years imprisonment

Count #: IX
_____ Possessing counterfeit foreign securities with intent to offer, pass, utter and sell

_____ 18 U.S.C. § 514(a)(2)

*Max. Penalty:   25 years imprisonment

Count #:


*Max. Penalty:

Count #:


*Max. Penalty:

Count #:


*Max. Penalty:

Count #:


*Max. Penalty:

Count #:


*Max. Penalty:

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### PENALTY SHEET

Defendant's Name:   SUYAPA BARAHA ELMADY          No .: 97-807-Cr-Middlebrooks (s)

Count #: I
Conspiracy to commit an offense against the United States

18 U.S.C. § 371

*Max. Penalty:   5 years imprisonment

Count #: II
Possessing counterfeit foreign securities with intent to offer, pass, utter and sell

18 U.S.C. § 514(a)(2)

*Max. Penalty:   25 years imprisonment

Count #: III
Possessing counterfeit foreign securities with intent to offer, pass, utter and sell

18 U.S.C. § 514(a)(2)

*Max. Penalty:   25 years imprisonment

Count #: IV
Utilizing foreign and interstate commerce to transport counterfeit foreign securities

18 U.S.C. § 514(a)(3)

*Max. Penalty:   25 years imprisonment

Count #: V
Possessing counterfeit foreign securities with intent to offer, pass, utter and sell

18 U.S.C. § 514(a)(2)

*Max. Penalty:   25 years imprisonment

Count #: VI
Possessing counterfeit foreign securities with intent to offer, pass, utter and sell

18 U.S.C. § 514(a)(2)

*Max. Penalty:   25 years imprisonment

Count #: VII
Utilizing foreign and interstate commerce to transport counterfeit foreign securities

18 U.S.C. § 514(a)(3)

*Max. Penalty:   25 years imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## PENALTY SHEET

Defendant's Name:  SUYAPA BARAHA ELMADY        No .: 97-807-Cr-Middlebrooks (s)

Count #: VIII
_____   Possessing counterfeit foreign securities with intent to offer, pass, utter and sell _____

_____   18 U.S.C. § 514(a)(2)

*Max. Penalty:    25 years imprisonment
Count #: IX
_____   Possessing counterfeit foreign securities with intent to offer, pass, utter and sell _____

_____   18 U.S.C. 514(a)(2)

*Max. Penalty:   25 years imprisonment
Count #:




*Max. Penalty:
Count #:




*Max. Penalty:
Count #:




*Max. Penalty:
Count #:




*Max. Penalty:
Count #:




*Max. Penalty:
**Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## PENALTY SHEET

Defendant's Name:   EDUARDO GAMEZ                    No .: 97-807-Cr-Middlebrooks (s)

Count #: I
              Conspiracy to commit an offense against the United States

                18 U.S.C. § 371

*Max. Penalty:    5 years imprisonment
Count #: III
              Possessing counterfeit foreign securities with intent to offer, pass, utter and sell

                18 U.S.C. § 514(a)(2)

*Max. Penalty:   25 years imprisonment
Count #: IV
              Utilizing foreign and interstate commerce to transport counterfeit foreign securities

                18 U.S.C. § 514(a)(3)

*Max. Penalty:   25 years imprisonment
Count #: V
              Possessing counterfeit foreign securities with intent to offer, pass, utter and sell

                18 U.S.C. § 514(a)(2)

*Max. Penalty:   25 years imprisonment
Count #: VI
              Possessing counterfeit foreign securities with intent to offer, pass, utter and sell

                18 U.S.C. § 514(a)(2)

*Max. Penalty:   25 years imprisonment
Count #: VII
              Utilizing foreign and interstate commerce to transport counterfeit foreign securities

                18 U.S.C. § 514(a)(3)

*Max. Penalty:   25 years imprisonment
Count #: IX
              Possessing counterfeit foreign securities with intent to offer, pass, utter and sell

                18 U.S.C. § 514(a)(2)

*Max. Penalty:   25 years imprisonment
**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### PENALTY SHEET

Defendant's Name:   EDUARDO GAMEZ                          No .: 97-807-Cr-Middlebrooks (s)

Count #: X

Possessing counterfeit foreign securities with intent to offer, pass, utter and sell

18 U.S.C. § 514(a)(2)

*Max. Penalty:   25 years imprisonment

Count #:


*Max. Penalty:

Count #:


*Max. Penalty:

Count #:


*Max. Penalty:

Count #:


*Max. Penalty:

Count #:


*Max. Penalty:

Count #:


*Max. Penalty:

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## PENALTY SHEET

Defendant's Name:  ALVARO DE JESUS SOJO          No .: 97-807-Cr-Middlebrooks (s)

Count #: I
          Conspiracy to commit an offense against the United States

          18 U.S.C. § 371

*Max. Penalty:   5 years imprisonment

Count #: IV
          Utilizing foreign and interstate commerce to transport counterfeit foreign securities

          18 U.S.C. § 514(a)(3)

*Max. Penalty:   25 years imprisonment

Count #: VII
          Utilizing foreign and interstate commerce to transport counterfeit foreign securities

          18 U.S.C. § 514(a)(3)

*Max. Penalty:   25 years imprisonment

Count #:

*Max. Penalty:

Count #:

*Max. Penalty:

Count #:

*Max. Penalty:

Count #:

*Max. Penalty:

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## PENALTY SHEET

Defendant's Name:   VILMA ESTHER TRUJILLO _____   No .: 97-807-Cr-Middlebrooks (s)

Count #: I

Conspiracy to commit an offense against the United States

18 U.S.C. § 371

*Max. Penalty:   5 years imprisonment

Count #: IV

Utilizing foreign and interstate commerce to transport counterfeit foreign securities

18 U.S.C. § 514(a)(3)

*Max. Penalty:   25 years imprisonment

Count #: VII

Utilizing foreign and interstate commerce to transport counterfeit foreign securities

18 U.S.C. § 514(a)(3)

*Max. Penalty:   25 years imprisonment

Count #:

FILED BY

98 JUL 22 PM 5 37

CARLOS JUENKE
CLERK U.S. DIST. CT.
S.D. OF FLA.-MIAMI

DC

*Max. Penalty:

Count #:

*Max. Penalty:

Count #:

*Max. Penalty:

Count #:

*Max. Penalty:

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## PENALTY SHEET

Defendant's Name:   ARTURO JOSE TRUJILLO          No .: 97-807-Cr-Middlebrooks (s)

Count #: I
      Conspiracy to commit an offense against the United States

        18 U.S.C. § 371

*Max. Penalty:    5 years imprisonment

Count #: III
      Possessing counterfeit foreign securities with intent to offer, pass, utter and sell

        18 U.S.C. § 514(a)(2)

*Max. Penalty:    25 years imprisonment

Count #: IV
      Utilizing foreign and interstate commerce to transport counterfeit foreign securities

        18 U.S.C. § 514(a)(3)

*Max. Penalty:    25 years imprisonment

Count #: VI
      Possessing counterfeit foreign securities with intent to offer, pass, utter and sell

        18 U.S.C. § 514(a)(2)

*Max. Penalty:    25 years imprisonment

Count #: VIII
      Possessing counterfeit foreign securities with intent to offer, pass, utter and sell

        18 U.S.C. § 514(a)(2)

*Max. Penalty:    25 years imprisonment

Count #: IX
      Possessing counterfeit foreign securities with intent to offer, pass, utter and sell

        18 U.S.C. § 514(a)(2)

*Max. Penalty:    25 years imprisonment

Count #: X
      Possessing counterfeit foreign securities with intent to offer, pass, utter and sell

        18 U.S.C. § 514(a)(2)

*Max. Penalty:    25 years imprisonment

*Refers only to possible term of incarceration, does not include possible fines, restitution,
special assessments, parole terms, or forfeitures that may be applicable.

REV. 12/12/96

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## PENALTY SHEET

Defendant's Name:   JORGE HERNANDEZ-FERNANDEZ No:97-807-Cr-Middlebrooks (s)

Count #: I
Conspiracy to commit an offense against the United States

18 U.S.C. § 371

*Max. Penalty:   5 years imprisonment

Count #: II
Possessing counterfeit foreign securities with intent to offer, pass, utter and sell

18 U.S.C. § 514(a)(2)

*Max. Penalty:   25 years imprisonment

Count #: III
Possessing counterfeit foreign securities with intent to offer, pass, utter and sell

18 U.S.C. § 514(a)(2)

*Max. Penalty:   25 years imprisonment

Count #: VI
Possessing counterfeit foreign securities with intent to offer, pass, utter and sell

18 U.S.C. § 514(a)(2)

*Max. Penalty:   25 years imprisonment

Count #: VIII
Possessing counterfeit foreign securities with intent to offer, pass, utter and sell

18 U.S.C. § 514(a)(2)

*Max. Penalty:   25 years imprisonment

Count #: IX
Possessing counterfeit foreign securities with intent to offer, pass, utter and sell

18 U.S.C. § 514(a)(2)

*Max. Penalty:   25 years imprisonment

Count #:


*Max. Penalty:

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## <u>PENALTY SHEET</u>

Defendant's Name:   TULIO HERNANDEZ-FERNANDEZ  No.: 97-807-Cr-Middlebrooks (s)

Count #: I
    Conspiracy to commit an offense against the United States

        18 U.S.C. § 371

*Max. Penalty:   5 years imprisonment

Count #: II
    Possessing counterfeit foreign securities with intent to offer, pass, utter and sell

        18 U.S.C. § 514(a)(2)

*Max. Penalty:   25 years imprisonment

Count #:

*Max. Penalty:

Count #:

*Max. Penalty:

Count #:

*Max. Penalty:

Count #:

*Max. Penalty:

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

REV. 12/12/96

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### PENALTY SHEET

Defendant's Name:   ANSELMO ANTONIO PEREIRA    No.: 97-807-Cr-Middlebrooks (s)

Count #: I
Conspiracy to commit an offense against the United States

18 U.S.C. § 371

*Max. Penalty:   5 years imprisonment

Count #: II
Possessing counterfeit foreign securities with intent to offer, pass, utter and sell

18 U.S.C. § 514(a)(2)

*Max. Penalty:   25 years imprisonment

Count #: III
Possessing counterfeit foreign securities with intent to offer, pass, utter and sell

18 U.S.C. § 514(a)(2)

*Max. Penalty:   25 years imprisonment

Count #: IV
Utilizing foreign and interstate commerce to transport counterfeit foreign securities

18 U.S.C. § 514(a)(3)

*Max. Penalty:   25 years imprisonment

Count #: VI
Possessing counterfeit foreign securities with intent to offer, pass, utter and sell

18 U.S.C. § 514(a)(2)

*Max. Penalty:   25 years imprisonment

Count #: IX
Possessing counterfeit foreign securities with intent to offer, pass, utter and sells

18 U.S.C. § 514(a)(2)

*Max. Penalty:   25 years imprisonment

Count #:


*Max. Penalty:
**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### PENALTY SHEET

Defendant's Name:   RAUL HORACIO PIOMBO _____   No .:97-807-Cr-Middlebrooks (s)

Count #: I
_____ Conspiracy to commit an offense against the United States _____

_____ 18 U.S.C. § 371

*Max. Penalty:   5 years imprisonment
Count #: III
_____ Possessing counterfeit foreign securities with intent to offer, pass, utter and sell

_____ 18 U.S.C. § 514(a)(2)

*Max. Penalty:   25 years imprisonment
Count #: IV
_____ Utilizing foreign and interstate commerce to transport counterfeit foreign securities

_____ 18 U.S.C. § 514(a)(3)

*Max. Penalty:   25 years imprisonment
Count #: IX
_____ Possessing counterfeit foreign securities with intent to offer, pass, utter and sell

_____ 18 U.S.C. § 514(a)(2)

*Max. Penalty:   25 years imprisonment
Count #:
_____

_____

*Max. Penalty:
Count #:
_____

_____

*Max. Penalty:
Count #:
_____

_____

_____

*Max. Penalty:
**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## PENALTY SHEET

Defendant's Name:   JON TAMAS                           No .: 97-807-Cr-Middlebrooks (s)

Count #: I
          Conspiracy to commit an offense against the United States

          18 U.S.C. § 371

*Max. Penalty:   5 years imprisonment

Count #: III
          Possessing counterfeit foreign securities with intent to offer, pass, utter and sell

          18 U.S.C. § 514(a)(2)

*Max. Penalty:   25 years imprisonment

Count #: VI
          Possessing counterfeit foreign securities with intent to offer, pass, utter and sell

          18 U.S.C. § 514(a)(2)

*Max. Penalty:   25 years imprisonment

Count #: IX
          Possessing counterfeit foreign securities with intent to offer, pass, utter and sell

          18 U.S.C. § 514(a)(2)

*Max. Penalty:   25 years imprisonment

Count #:

*Max. Penalty:

Count #:

*Max. Penalty:

Count #:

*Max. Penalty:

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96